FILED
JUN 10 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

David Lewis Turner, Jr., )
)
Plaintiff, )
)
v. ) Civil Action No. 14-982
)
District of Columbia *et al.*, )
)
Defendants. )
)

MEMORANDUM OPINION

This matter is before the Court on the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff is a District of Columbia resident suing the District of Columbia and a named individual. Plaintiff accuses the individual defendant of indecent exposure based on an alleged incident on April 13, 2014. Plaintiff alleges that the defendant "indecently expos[ed] himself" while plaintiff was washing his hands in a restroom at the Georgetown Ministry Center in the District's northwest quadrant. Compl. at 1. He accuses the individual defendant of being a risk

to the plaintiff and to the community at large. In addition, plaintiff accuses the District of negligence allegedly "because [the Metropolitan Police Department] did not appropriately address" the individual defendant's "sexual misconduct." *Id.* at 2. Plaintiff seeks $1 million in damages.

The factual allegations do not present a federal question, and the District of Columbia is not subject to diversity jurisdiction. *See Abdulla v. Univ. of Arkansas at Little Rock*, 930 F. Supp. 2d 138, 140 (D.D.C. 2013) (citing *Long v. District of Columbia*, 820 F.2d 409, 412-13 (D.C. Cir. 1987)) (other citations omitted). Furthermore, plaintiff has not listed the individual defendant's address and, therefore, has provided no basis for exercising diversity jurisdiction over that defendant once the complaint against the District is dismissed. *See Long*, 820 F.2d at 417 ("respond[ing] to the jurisdictional defect in [diversity] complaint by dismissing only Long's claim against the District and retaining jurisdiction over her claim against PEPCO"). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

/s/ Beryl A. Howell
United States District Judge

DATE: May 27, 2014